Lizbeth Ochoa (SBN 219985)
    E-Mail:  lochoa@fisherphillips.com
Lauren N. Polk (SBN 346419)
    E-Mail: lpolk@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile:  (949) 851-0152

Attorneys for Defendant
L3 TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER VALENTINE, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>L3 TECHNOLOGIES, INC., a Delaware corporation; and Does 1 through 10, inclusive,<br><br>                    Defendant. | Case No:<br><br>*[Removed from Orange County Superior Court, Case No. 30-2024-01449145-CU-WT-WJC]*<br><br>**DEFENDANT L3 TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A)(1), 1441(B) AND 1446(B)**<br><br>Complaint Filed:  December 23, 2024<br>Trial Date:  None |

       TO THE COURT, THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION, PLAINTIFF CHRISTOPHER VALENTINE AND HIS COUNSEL OF RECORD:

       PLEASE TAKE NOTICE THAT Defendant L3 TECHNOLOGIES, INC. ("L3 Technologies" or "Defendant") through its counsel of record, hereby submits this petition for removal of this case from the Superior Court of the State of California, County of Orange to the Southern Division of the United States District

Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b) and 1446(b).  The grounds for removal are as follows:

**I.    Statement of Jurisdiction**

1.    This action is a civil action over which this court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

2.    On December 23, 2024, Plaintiff, CHRISTOPHER VALENTINE ("Plaintiff"), filed the above-entitled civil action against L3 Technologies and DOES 1 through 10, in the Superior Court of the State of California for the County of Orange, Case No. 30-2024-01449145-CU-WT-WJC (the "State Court Action"). The United States District Court for the Central District of California, Southern Division, embraces the county where this action is pending.

3.    On January 7, 2025, Plaintiff served L3 Technologies' agent for service of process with the Summons, Complaint, Civil Cover Sheet, Notice of Hearing Case Management Conference, and other related case management forms and documents (collectively, "initial pleading packet"). A copy of the Complaint served upon L3 Technologies is attached hereto as **Exhibit ("Exh.") "A."** A copy of the Summons is attached hereto as **Exh. "B".**  A copy of the Civil Cover Sheet, Notice of Hearing Case Management Conference and other documents served with the Summons and Complaint are attached hereto as **Exh. "C".**  A copy of the Proof of Service of Summons is attached hereto as **Exh. "D,"** reflecting service upon Defendant on January 7, 2025.

4.    On January 5, 2025, L3 Technologies filed and served its Answer to Plaintiff's Complaint in the State Court Action. Attached hereto as **Exh. "E"** is a copy of the Answer filed by L3 Technologies in the State Action.

2

5.      Plaintiff's initial pleading packet, the Proof of Service of Summons, and Defendant's Answer constitute all process, pleadings, and orders served in the State Court Action as of the filing of this Removal.  No proceedings related to any process, pleadings, and orders have been heard in the State Court Action.

**II.    Venue**

6.      Removal to this Court is proper because this District includes the County where the State Action is pending.

7.      By filing this Notice of Removal, L3 Technologies does not intend to waive, and hereby reserves, any objection as to personal jurisdiction, and all other defenses.

8.      This Notice of Removal is being served on Plaintiff's counsel on this date. L3 Technologies will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the state of California for the County of Orange.

9.      This removal is brought by all served defendants. 28 U.S.C. § 1446(b)(2)(A).

**III.    Timeliness of Removal**

10.     This Notice of Removal is filed timely as it is within thirty (30) days of L3 Technologies' receipt of the Summons and Complaint. (See **Exh. "D".**)

**IV.    Removal is Based on Diversity of Citizenship**

A.      **There Is Diversity of Citizenship**

11.     The State Action is a civil action over which this court has original jurisdiction under 28 U.S.C. §§ 1332(a), for the following reasons:

12.     Plaintiff's Citizenship. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." (*Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California

from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years" ); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.")).

13.    Plaintiff's Complaint asserts he is a resident of California living in Orange County, where he filed the State Action. **(***See* **Exh. "A" ¶ 2.)**  Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of the state of California.

14.    <u>Defendant's Citizenship</u>. A corporation is deemed a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Regarding "principal place of business," the United States Supreme Court has defined the phrase as "where a corporation's officers direct, control, and coordinate the corporation's activities." (*Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010) ("[w]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities")). This will be "where the corporation maintains its headquarters." (*Id.*)

15.    For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. (*See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002)).

16.    Defendant L3 Technologies was, at the time of filing of this action, and is now, a corporation organized under the laws of the state of Delaware. (See Declaration of Jennifer Branham ("Decl. J. Branham") filed concurrently herewith. (*See* Decl. J. Branham, ¶ 5.; *see also* **Exh. "A" ¶ 3.**)  As such, it is a citizen of the state of Delaware.

17.    L3 Technologies' current principal place of business and corporate

headquarters is in Melbourne, Florida and has been since at least 2019. (*See* Decl. J. Branham, ¶5.) For purposes of determining diversity jurisdiction, L3 Technologies is therefore also regarded as a citizen of Florida.

18.    Defendants Does 1 through 10 are fictitious. The Complaint does not set forth the identity or status of fictitious defendants 1 through 10. Thus, pursuant to U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. (*See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998)).

19.    Since Plaintiff's California citizenship is distinct from L3 Technologies' citizenship, complete diversity of citizenship exists between the served parties to the action.  *See* 28 U.S.C. §1332(a).

**V.    The Amount in Controversy Exceeds $75,000**

20.    In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. (*See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002)). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. (*See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

21.    L3 Technologies' notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. (*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)). The standard for determining whether a defendant meets its burden of establishing the amount in controversy is by a preponderance of the evidence. (*See Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014)). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'"

(*Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008))). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. (*Id.* (internal citations omitted)).

22.    Here, the Court can reasonably ascertain from Plaintiff's Complaint and his Prayer for Relief in the Complaint that the amount in controversy exceeds $75,000.00.

23.    The Complaint alleges six causes of action: (1) age discrimination in violation of California Government Code section 12940(a); (2) failure to prevent discrimination in violation of California Government Code section 12940(k); (3) failure to pay overtime wages in violation of California Labor Code sections 201, 510,515, 1194, 558.1; (4) waiting time penalties in violation of California Labor Code sections 201, 203 and 558.1; (5) penalties for failure to pay wages in violation of California Labor Code sections 204 and 210 and (6) unfair business practices in violation of California Business and Professions Code section 17200, et seq. (*See* **Exh. "A"**.)

24.    Plaintiff seeks, among other things, actual, general, special, consequential, incidental, punitive damages, attorneys' fees, and various other forms of further relief. (*See* **Exh. "A"** p.10:13-11:14 [Prayer for Damages].) Without admitting the validity of Plaintiff's six (6) causes of action (which are expressly denied by L3 Technologies), the amount in controversy is in excess of $75,000, exclusive of interest and costs. L3 Technologies meets its burden based on the following:

a.    <u>Actual Damages</u>. The Complaint alleges Plaintiff is seeking actual damages, including "loss of past and future earnings, bonuses, deferred compensation, and other employment benefits [.]" (*See* **Exh. "A"** ¶¶36, 46, 59,

6

p.10:13-11:14) [Prayer for Damages].) The Complaint further alleges Plaintiff "has suffered and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation and other employment benefits." (*See* **Exh. "A"** ¶¶36.) Additionally, Plaintiff demands a jury trial. (*See* **Exh. "A"** p.11 [Demand for Jury Trial].) While Defendant denies all liability as to Plaintiff's claims, even a low estimate of what Plaintiff could recover in lost wages alone could very likely result in an overall recovery exceeding $75,000.00 if a jury ruled in favor of Plaintiff. In 2023, the last full year Plaintiff worked for L3 Technologies, Plaintiff alleges in his Complaint that he "earned an annual salary of $204,605 with a 20% bonus potential." (*See* **Exh. "A"** ¶ 14.)

        b.     Further, Plaintiff alleges that Defendant wrongfully fired him on March 5, 2024, in part because of his age. (*See* **Exh. "A"** ¶¶ 14, 26, 35.) Since Plaintiff alleges he was terminated on March 5, 2024 and he filed his Complaint on December 23, 2024, Plaintiff will *at least* seek approximately 10 months of lost wages, or approximately $170,504.20 ($17,050.42 average monthly income x 10 months). (*See* **Exh. "A"** ¶ 14, 22.) Accordingly, at least $170,504.20 in lost wages alone can be included in calculating the amount in controversy.

        c.     <u>General and Special Damages</u>. In his Complaint, Plaintiff also seeks to recover "general and special damages … in an amount according to proof at time of trial" as a result of his alleged pain and suffering, emotional distress, loss of reputation and medical expenses." (*See* **Exh. "A"** p.10:15-17 [Prayer for Relief in Complaint, ¶ 2].) Emotional distress damages may be considered when calculating the amount in controversy even when not clearly pled in the Complaint. (*Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (noting that while a retaliation case brought by a former employee would likely not result in an award of $3.5 million dollars in emotional distress damages, the court noted that "emotional distress damages in a successful employment discrimination case may be substantial."); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D.

Cal. 1995) ("[t]he vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial")). While Plaintiff has not quantified his emotional distress damages in the Complaint, his claims arise from his employment with Defendant and thus, when aggregated with his wage loss claims, along with his claims for compensatory damages, even a nominal demand for $25,000 in emotional distress damages pushes the amount in controversy well beyond the $75,000 threshold.

d. <u>Punitive Damages</u>. The Complaint further alleges Plaintiff seeks "punitive damages … as otherwise permitted by law[.]" (*See* **Exh. "A"** p. 10: 27-28 [Prayer for Relief in Complaint] and generally ¶¶39, 49.) Punitive damages are part of the amount in controversy in a civil action. (*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law)). Although Plaintiff's claim for punitive damages appears to be weak, courts have recognized that California jury verdicts "amply demonstrate the potential for large punitive damages awards in employment discrimination cases." (*Simmons*, *supra,* 209 F.Supp.2d at 1033). Therefore, Plaintiff's request for punitive damages weighs in favor of establishing the amount in controversy. Because Plaintiff is requesting punitive damages, Plaintiff will likely seek a substantial sum in excess of six figures against Defendant at trial.

e. <u>Attorneys' Fees</u>. Finally, the Complaint alleges Plaintiff seeks "reasonable attorneys' fees[.]" (*See* **Exh. "A"** p.11:4-5 [Prayer for Relief in Complaint, ¶¶ 9-11].) Requests for attorneys' fees should be considered in ascertaining the amount in controversy. (*See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,1156 (9th Cir. 1998)). The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." (*Guglielmino v. McKee Foods Corp.*,

8

506 F.3d 696, 700 (9th Cir. 2007)). Accordingly, even assuming a modest attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, emotional distress damages and punitive damages.

25.    L3 Technologies denies that Plaintiff's claims have any merit. L3 Technologies also denies that Plaintiff suffered any damages. However, when the relief sought (i.e., actual damages, general and special damages, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy exceeds the $75,000 jurisdictional requirement, exclusive of interests and costs.

26.    Based upon the foregoing, the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

27.    L3 Technologies hereby removes to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

VI.    **Notice to the Court and Parties**

28.    Promptly upon filing of this Notice of Removal in the United States District Court for the Central District of California- Southern Division, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Orange, California.

Dated: February 6, 2025                    FISHER & PHILLIPS LLP

By:    */s/ LIZBETH OCHOA*
       Lizbeth Ochoa
       Lauren N. Polk
       Attorneys for Defendant
       L3 TECHNOLOGIES, INC.

9

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On February 6, 2025, I served the foregoing document entitled **DEFENDANT L3 TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A)(1), 1441(B) AND 1446(B),** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Stephen C. Kimball                          *Attorneys for Plaintiff*
Bruce G. Lee                                *CHRISTOPHER VALENTINE*
SESSIONS & KIMBALL LLP
Attorneys at Law                            Tel: (949) 380-0900
23456 Madero, Suite 170                     Fax: (949) 380-8283
Mission Viejo, California 92691             Email: sck@job-law.com
                                                   bgl@job-law.com

☒    **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐    **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Attorney Service Name and Address .

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed February 6, 2025, at Irvine, California.

Paula Sanchez _____    By: _____